The document below is hereby signed.

Signed: January 5, 2019

_S. Martin Teel, Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

```
               UNITED STATES BANKRUPTCY COURT
                FOR THE DISTRICT OF COLUMBIA

In re                          )
                               )
PATRICIA E. BROWN,             )    Case No. 18-00189
                               )    (Chapter 7)
               Debtor.         )    Not for publication in
                               )    West's Bankruptcy Reporter
```

MEMORANDUM DECISION AND ORDER RE DEBTOR'S COUNSEL'S APPLICATION
FOR PAYMENT OF ADMINISTRATIVE EXPENSES, SETTING DEADLINE
FOR CHAPTER 7 TRUSTEE TO OBJECT TO CHAPTER 13 TRUSTEE'S
DISBURSING PLAN PAYMENTS SHE HAS ON HAND TO THE DEBTOR, AND
<u>EXTENDING DEADLINE FOR CHAPTER 13 TRUSTEE'S FILING A FINAL REPORT</u>

On the same day that he filed the debtor's motion to convert this case from Chapter 13 to Chapter 7, the debtor's counsel filed an *Application for Payment of Administrative Expenses*. When the case began, the debtor agreed that her counsel would be entitled to $4,625.00 in fees, of which $1,000.00 had already been paid, leaving an unpaid balance of $3,625.00. The *Application* seeks allowance of that $3,625.00 as an unpaid administrative claim, represents that the Chapter 13 trustee is currently holding $1,614.72 in payments under the debtor's proposed Chapter 13 plan, and requests that the Chapter 13 trustee be ordered to pay the $1,614.72 to the debtor's counsel

(less any amounts that will be owed the Chapter 13 trustee for making that disbursement) in partial satisfaction of the administrative claim. No provision of the Bankruptcy Code applicable to Chapter 7 cases authorizes an order directing the Chapter 13 trustee to make that payment to the debtor's counsel. No plan was confirmed in this case, and the debtor's counsel, in seeking such an order for the Chapter 13 trustee to make a partial payment of his fees, presumably relies upon the third sentence of 11 U.S.C. § 1326(a)(2) which provides:

> If a plan is not confirmed, the trustee shall return any such payments not previously paid and not yet due and owing to creditors pursuant to paragraph (3) to the debtor, after deducting any unpaid claim allowed under section 503(b).

I

The *Application* is unopposed, and I will allow $3,625.00 as an administrative claim incurred in the Chapter 13 case. However, I must deny the request to order the Chapter 13 trustee to pay the plan payments to the debtor's counsel.

The provisions of 11 U.S.C. § 1326(a)(2) ceased to apply when this case was converted to Chapter 7. *Harris v. Viegelahn*, --- U.S. ----, 135 S.Ct. 1829, 1838, 191 L.Ed.2d 783 (2015) (citing 11 U.S.C. § 103(i)). Moreover, under 11 U.S.C. § 348(e), the conversion of the case to Chapter 7 also terminated the Chapter 13 trustee's service as trustee, and she was stripped of the authority to provide the service under § 1326(a)(2) of making

payments of administrative claims. *Cf. Harris*, 135 S.Ct. at 1838-39 (discussing termination of Chapter 13 trustee's service of making distributions to creditors under a confirmed plan). Accordingly, the debtor's counsel may not rely on that provision as a basis for the court to direct the Chapter 13 trustee to pay administrative claims from funds she has on hand after conversion of the case to Chapter 7. *See In re Ivey*, 568 B.R. 85, 90-93 (Bankr. E.D. Ark. 2017) (citing numerous decisions holding to the same effect). *But see In re Brandon*, 537 B.R. 231 (Bankr. D. Md. 2015) (rejected by *Ivey* with respect to its holding regarding disposition of Chapter 13 plan payments in cases converted to Chapter 7 before confirmation of a plan); *In re Hayden*, No. 4:15-bk-12619-BMW, 2018 WL 3157020, at *3 (Bankr. D. Ariz. June 25, 2018) (following *Brandon*).

The court in *Brandon*, 537 B.R. at 237, reasoned:

> It does not follow that after *Harris* a Chapter 13 trustee must comply with a portion of this sentence (return pre-confirmation plan payments to the debtor), but ignore another portion of that same sentence (after deducting funds needed for payment of allowed administrative expense claims).

Contrary to that reasoning, it is not the third sentence of § 1326(a)(2) that requires the return of the funds to the debtor. Instead, it is the reversion of the funds to being property of the debtor pursuant to § 348(f) that requires their return to the debtor, even though § 348(f) does not expressly require their return to the debtor. *Harris*, 135 S.Ct. at 1838 ("In sum,

3

§ 348(f) does not say, expressly: On conversion, accumulated wages go to the debtor. But that is the most sensible reading of what Congress did provide.").

## II

Under 11 U.S.C. § 348(f), even though they were property of the estate in the Chapter 13 case, the plan payments the Chapter 13 trustee holds are no longer property of the estate in the Chapter 7 case if they were from the debtor's postpetition earnings and if the case was not converted to Chapter 7 in bad faith. There are two possible dispositions of the funds:

- If the plan payments the Chapter 13 trustee holds remain property of the estate, Fed. R. Bankr. P. 1019(4) requires the Chapter 13 trustee to turn over the funds to the Chapter 7 trustee.
- If they are not property of the estate, the debtor is entitled to the funds under *Harris*, 135 S.Ct. at 1838.

(Either way, as observed in Part I, nothing in the Chapter 7 case authorizes the court to direct the Chapter 13 trustee to disburse the funds towards payment of the debtor's attorney's administrative claim.)

According to the debtor's schedules, the debtor had only $100 in financial assets on the petition date. There is thus a good chance that the plan payments were made from postpetition earnings. Moreover, no one has suggested that the conversion to

4

Chapter 7 was in bad faith. However, the meeting of creditors in the Chapter 7 case is being held on January 10, 2019, and the Chapter 7 trustee may not have had an adequate opportunity to determine whether the funds were from property owned on the petition date (and thus remain property of the estate under § 348(f)(1)) or whether the conversion was in bad faith (such that the funds are property of the estate under § 348(f)(2)). I will give the Chapter 7 trustee until January 17, 2019, to file an objection to the Chapter 13 trustee's disbursing the plan payments she has on hand to the debtor.

### III

In light of the foregoing, it is

ORDERED that the debtor's attorney, Frank Morris II, is allowed an unpaid administrative claim of $3,625.00 incurred during the pendency of this case in Chapter 13. It is further

ORDERED that the request that the Chapter 13 trustee be ordered to pay plan payments she has on hand to the debtor's counsel is DENIED. It is further

ORDERED that by January 17, 2019, the Chapter 7 trustee may file an objection to the Chapter 13 trustee's disbursing plan payments she has on hand to the debtor, and if he fails to do so, the Chapter 13 trustee shall disburse the plan payments she has on hand to the debtor. It is further

ORDERED that if on or before January 17, 2019, the Chapter 13 trustee secures the Chapter 7 trustee's consent in writing to her disbursing the plan payments she has on hand to the debtor, she is authorized to disburse those funds to the debtor.  It is further

ORDERED that the time for the Chapter 13 trustee to file a final report and account under Fed. R. Bankr. P. 1019(5)(B)(ii) (currently due on January 5, 2019), is extended to January 31, 2019.

[Signed and dated above.]

Copies to: E-recipients; Debtor.